# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA
v.
__Michael Noble__
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: __12-30508__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__8/20/12__
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Michael Noble Order of Detention

This is a presumption case. Defendant is charged by way of indictment with Production of Child Pornography and is facing a mandatory minimum sentence of 15 years.

Defendant is a 49 year old married man who lives in Livonia with his wife and he has long-standing ties to the district. They have one son, presumably not a minor. He has been employed since May 2011 with Michigan Green Cabs as a detailer and a mechanic, working out of his home, and earning approximately $1100 monthly. His previous employment, from 2006 - 2009 was with Lunghammer GMC in Waterford Michigan, where he worked as the Parts Department Manager.

Defendant admits to being an active marijuana user as of 2010, but states that he has not used marijuana since that time.

Defendant was convicted on 2/11/2010 of felony possession of child pornography and was sentenced in this district to one day imprisonment and five years of supervised release. Defendant's supervising officer reports that defendant is currently in compliance with his release conditions.

The facts underlying the current charges of <u>Production</u> of Child Pornography stem from the same facts that underlie his 2010 conviction for <u>Possession</u> of Child Pornography. Specifically on January 3, 2009 Yahoo! Inc. reported to the National Center for Missing and Exploited Children Cyber tip line that 24 potentially exploitative images were uploaded to a Flickr account which ultimately was determined to be one of the two such accounts established by the Defendant for purposes of storing child pornography images. The FBI determined that 15 of these images constituted child erotica, nine images constituted pornography, and three images were child pornography. The three child porn images depicted: 1) a minor male involved in anal intercourse with another adult male; 2) the torso of a pre-pubescent female pulling down her pants to expose her genitals; and 3) a pre-pubescent male with no shirt on, pulling down his underwear to expose his genitals.

Defendant was interviewed by an FBI agent regarding the content of his Flickr accounts which had been the subject of an FBI search warrant executed at his home. Within one hour of the

conclusion of the interview, Defendant was found at his place of employment and was discovered seated at his desk deleting pictures from his Flickr accounts. Defendant admitted to the FBI agent that he was attempting to delete his entire account from the Flickr system. Subsequently on February 11, 2010 Defendant was charged with knowingly possessing child pornography and on January 20, 2011 Defendant was sentenced to one count of possession of child pornography.

In April 2009 the images from Defendant's computers were sent to the National Center for Missing and Exploited Children which is a clearing house for the identification of victims of child pornography. It was determined that nine (9) of the images submitted from Defendant's computer accounts had never been seen before. Three of these images depicted a young pre-pubescent male dressed like a girl in a girl's blouse and girl's panties displaying his erect penis under the panties. The fourth picture showed a young male wearing a girl's blouse performing fellatio on an adult male erect penis. Meta data of these images was reviewed, and it was ultimately determined that the four images described above were taken with Defendant's Fugi FinePix A610 camera on March 6, 2009 in the Red Roof Inn in Farmington Hills, where Defendant had registered under his own name for the night. FBI investigatory efforts between June 10, 2010 and May 2, 2012 led to the identification of the young male victim depicted in the photos. The victim, who was 14 years old at the time, and who is now 17 years old, identified himself in the photos, and identified Defendant as the man whom he met on line who picked him up from his parents house several times around midnight, unbeknownst to his parents, and took him to the Red Roof Inn in question, or to various parks, where he engaged the minor child in various sexual acts, including anal penetration.

Defendant argues that he is currently under the supervision of this Court's probation department following his conviction two years ago for possession of child pornography, that because he has been fully compliant, he has proven that he can abide by conditions of the Court, and that therefore he should be given a bond on this case with conditions of third party custody to his wife and a tether so that he can continue working, or even home confinement.

When questioned two months ago about whether the four photos were taken by him, Defendant lied to the FBI. When questioned two months ago whether he was ever at the Red Roof Inn in Farmington MI, Defendant lied to the FBI.agent. When his home was searched in April 2009 and the Flickr accounts and their contents were discovered, in less than an hour's time, Defendant ran to his place of employment. When discovered there by the FBI agent who had just questioned him at his home, Defendant admitted to attempting to delete the contents of the Flickr accounts at his work computer. When charged in this district in the 2009 possession

case, Defendant had already committed the sexual assaults in question in the instant case, and had already produced the child pornography which he was attempting to delete in April 2009. The true scope of his activities did not come to light until the FBI was able to put the pieces together over a two year period which resulted in the identification of the victim in question and the victim's identification of Defendant as the perpetrator in August 2012. It is now presumed that Defendant will soon face multiple state charges on the CSC matters.

This Court finds by clear and convincing evidence that this defendant poses a danger to society, and specifically to children, that his conduct is overtly and sexually predatory, and there are no conditions of bond that would guarantee the safety of the community. The Court further finds that Defendant has not sufficiently rebutted the presumption of detention to warrant consideration of a bond under the circumstances and facts of the case. This Court further finds that Defendant's wife would not be a suitable third party custodian, and that third party custody would not be appropriate under any circumstances.

This Court agrees with the conclusions and findings of Pretrial Services and incorporates that report into its findings. Detention is Ordered.